UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, <br><br> Plaintiff, <br><br> v. <br><br> KAREN M. GOGLIA, LYNN A. LEONARD AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RONALD A. GOGLIA, STACIE A. GOGLIA CONSTAS, AND THE UNKNOWN TRUSTEE OF THE SAG INSURANCE TRUST, <br><br> Defendants. | No. 1:19-CV-10479-DJC <br><br> Judge Denise J. Casper |

## [~~REVISED PROPOSED~~] ORDER

This cause coming before the Court on Plaintiff, North American Company for Life and Health Insurance's ("NACOLAH") Motion for Judgment on its Complaint for Interpleader Against Defendants Karen M. Goglia and Lynn A. Leonard as Personal Representative of the Estate of Ronald A. Goglia and for Default Judgment Against Defendants Stacie A. Goglia Constas and the Unknown Trustee of the SAG Insurance Trust, and on the Motion of Defendant Karen M. Goglia for Default Judgment, the Court hereby finds that:

1. On March 14, 2019, NACOLAH filed its Complaint for Interpleader pursuant Federal Interpleader Act, 28 U.S.C. §§ 1335, 1397, 2361, and under Rule 22 of the Federal Rules of Civil Procedure, Fed.R.Civ.P. 22, to resolve competing claims to 20% of the death benefit proceeds payable under life insurance Policy Nos. LE00003720 and LO11973990 (collectively, "the Policies") issued by NACOLAH. (Compl. ¶¶ 10-11). This Court has jurisdiction over the subject matter of this cause and over the parties.

2. Pursuant to the application for each of the Policies, the Primary Beneficiaries are as follows: 80% to Karen M. Goglia, wife, and 20% to "SAG Insurance Trust." (Compl. ¶ 12).

3. On August 30, 2017 NACOLAH paid Karen M. Goglia 80% of the death benefit as a Primary Beneficiary under the Policies by mailing her two checks totaling $401,650.44 (representing $400,000.00 of the face value of the Policies plus accrued interest of $1,650.44). (Compl. ¶ 15).

4. Despite its good faith efforts, NACOLAH was unable to locate a copy of the SAG Insurance Trust or identify the name and whereabouts of the trustee of the SAG Insurance Trust, if it exists. (Compl. ¶ 32). The remaining amount of the death benefit proceeds in the amount of $104,731.55, representing insurance proceeds in the amount of $100,000.00 plus accrued interest (the "Proceeds"), were therefore deposited by NACOLAH with the Registry of the Court. (Doc. Nos. 13, 14, 25).

5. Defendants Karen M. Goglia, Lynn A. Leonard as Personal Representative of the Estate of Ronald A. Goglia, Stacie A. Goglia Constas, and the Unknown Trustee of the SAG Insurance Trust are potentially adverse claimants to the Proceeds of the Policies.

6. Defendants Karen and the Estate have filed an Answer to NACOLAH's Complaint. (Doc. No. 23).

7. Defendant Stacie A. Goglia Constas is in default, having failed to appear or respond to the Complaint after waiving service of summons on March 31, 2019. (Docs. No. 15, 28).

8. Defendant Unknown Trustee of the SAG Insurance Trust is in default, having failed to appear or respond to the Complaint after being served, pursuant to leave of this Court, with

due notice through publication in the Boston Herald during the period of May 8, 2019 through June 12, 2019. (Docs. No. 22, 30, 32).

9. NACOLAH filed its Complaint for Interpleader in good faith and has done all that is required by law to perfect its interpleader action.

10. NACOLAH is entitled to be discharged from this litigation in accordance with the terms as provided in this order. *Equitable Life Assur. Soc. of the U.S. v. Porter-Englehart*, 867 F.2d 79, 84, 91 (1st Cir. 1989); 28 U.S.C. § 1335; Fed. R. Civ. P. 22.

11. By agreement of all parties who have appeared before the Court, NACOLAH is entitled to recover $8,500.00 in attorney fees and costs incurred in connection with bringing its interpleader.

WHEREFORE, it is hereby ordered, adjudged and decreed that:

   A. Judgment is granted in favor of NACOLAH on its Complaint for Interpleader and against Defendants Karen M. Goglia, Lynn A. Leonard as Personal Representative of the Estate of Ronald A. Goglia, Stacie A. Goglia Constas, and the Unknown Trustee of the SAG Insurance Trust;

   B. NACOLAH has acted in good faith by interpleading the proceeds of life insurance Policy Nos. LE00003720 and LO11973990, and depositing its admitted liability with the Clerk of the Court;

   C. NACOLAH, its successors, assigns, representatives, agents, attorneys, and all of its affiliated companies, including officers, directors, and employees are hereby released and discharged from any and all liability under life insurance Policy Nos. LE00003720 and LO11973990 insuring the life of Ronald J. Goglia, or arising on account of the death of Ronald J. Goglia, or any or all of the Defendants Karen M. Goglia, Lynn A. Leonard as Personal Representative of the Estate of Ronald A. Goglia, Stacie A. Goglia Constas, and the Unknown Trustee of the SAG Insurance Trust, or any person or entity claiming through them;

   D. Defendants Karen M. Goglia, Lynn A. Leonard as Personal Representative of the Estate of Ronald A. Goglia, Stacie A. Goglia Constas, and the Unknown Trustee of the SAG Insurance Trust, or any person or entity claiming through them, are hereby perpetually restrained and enjoined from commencing or prosecuting any proceeding or claim against NACOLAH in any state or federal court or other forum with respect to the proceeds payable under Policy Nos. LE00003720 and LO11973990 insuring the life of

Ronald J. Goglia, or on account of the death of Ronald J. Goglia and this injunction is issued without bond or surety;

E. Both Stacie Goglia Constas and the Trustee of SAG Trust have failed to respond to either the Complaint or to the Court's entry of default. Therefore, the Court grants a default judgment against the Trustee of SAG Trust and Stacie Goglia Constas and finds as a result of the default that neither is entitled to any share of the judgment proceeds in this interpleader action.

F. By agreement of all parties who have appeared before the Court, NACOLAH is awarded attorney fees and costs in the amount of $8,500.00 to be paid from the proceeds deposited with the Registry of the Court. In accordance with 28 U.S.C. § 2042 the Clerk is ordered to issue a check in the amount of $8,500.00 payable to North American Company for Life and Health Insurance, mailing address c/o Chittenden Murday & Novotny, LLC, 303 W. Madison St., Suite 1400, Chicago, IL 60606.

G. NACOLAH is dismissed and excused from further attendance in this cause with an express finding express finding of finality pursuant to Fed. R. Civ. P. 54(b) that there is no reason to delay enforcement of or appeal from this Order.

DATED: October 2, 2019     ENTERED: _____
                                     Denise J. Casper
                                     United States District Judge

4

Revised Proposed Order Submitted By:

/s/     Sara G. Janes
Sara G. Janes, Esq. (IL 6316807)
Chittenden, Murday & Novotny, LLC
303 West Madison Street, Ste. 1400
Chicago, IL 60606
Phone: (312) 281-3600
Fax: (312) 281-3678
sjanes@cmn-law.com

/s/     J. Christopher Collins
J. Christopher Collins, Esq., BBO #092410
Patrick M. Winn, Esq., BBO #686126
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502
ccollins@mirickoconnell.com
pwinn@mirickoconnell.com

*Attorneys for North American Company for
Life and Health Insurance*


Revised Proposed Order Assented to by:

/s/     Lynn Leonard (w/permission)
Lynn A. Leonard, Esq. (BBO No. 561662)
69 Summer Street
Malden, MA 02148
(781) 662-6161
counsel@thelawbench.com

*Attorney for Defendant Karen M. Goglia and
Personal Representative of the Estate of Ronald A. Goglia*

## CERTIFICATE OF SERVICE

I hereby certify that on **September 9, 2019**, I electronically filed the foregoing **Revised Proposed Order**, with the Clerk of the U.S. District Court, District of Massachusetts, using the CM/ECF system which sent notification of such filing to the following CM/ECF registered participant:

Lynn A. Leonard, Esq.
69 Summer Street
Malden, MA 02148
counsel@thelawbench.com
*Attorney for Defendant Karen M. Goglia and*
*Personal Representative of the Estate of Ronald A. Goglia*

A true and correct copy of the above document was also mailed on the same date to the following party in default via First Class Mail:

Stacie A. Goglia Constas
38 Ezras Way
Dover, NH 03820

/s/     Sara G. Janes
Sara G. Janes, Esq.